

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-10511 |
| Plaintiff - Appellee, | D.C. No. 4:13-cr-02059-RM |
| v. | |
| GERZAIN SALVADOR MANZO-SOLANO, a.k.a. Gerzain Manzo-Solano, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Rosemary Marquez, District Judge, Presiding

Submitted April 13, 2016**

Before:     FARRIS, TALLMAN, and BYBEE, Circuit Judges.

Gerzain Salvador Manzo-Solano appeals from the district court's judgment

and challenges the 27-month sentence imposed following his guilty-plea

---

\*     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

conviction for reentry after deportation, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Manzo-Solano contends that the district court erred in applying a 16-level enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(ii) because his prior conviction for second-degree robbery under California Penal Code §§ 211 and 212.5(c) is not a crime of violence. This claim is foreclosed. *See United States v. Becerril-Lopez*, 541 F.3d 881, 893 & n.10 (9th Cir. 2008) (a conviction for robbery under California Penal Code § 211 is a categorical crime of violence). Contrary to Manzo-Solano's assertion, *Descamps v. United States*, 133 S. Ct. 2276 (2013), which concerns the modified categorical approach, does not allow us to disregard *Becerril-Lopez*. *See Miller v. Gammie*, 335 F.3d 889, 893 (9th Cir. 2003) (en banc) (three-judge panel is bound by circuit precedent unless that precedent is "clearly irreconcilable" with intervening higher authority).

**AFFIRMED.**